IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Glytec, LLC and Aseko, Inc., <br><br>  Plaintiffs, <br><br> vs. <br><br> Raymie McFarland and Monarch Medical Technologies, LLC, <br><br>  Defendants. | Civil Action No. 6:20-03321-HMH <br><br> **OPINION & ORDER** |

### OPINION AND ORDER GRANTING PRELIMINARY INJUNCTION AGAINST DEFENDANTS RAYMIE MCFARLAND AND MONARCH MEDICAL TECHNOLOGIES, LLC

This matter is before the Court upon Plaintiffs' Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. The Motion for Preliminary Injunction filed by Plaintiffs Glytec, LLC and Aseko, Inc. (collectively "Glytec"), against Defendants Raymie McFarland and Monarch Medical Technologies, LLC ("Monarch") (collectively "Defendants"), seeks a Preliminary Injunction to, among other things, enjoin and restrain Defendants from misappropriation of its confidential information and trade secrets, and to enforce the Employee Proprietary Information Inventions Assignment and Non-Competition Agreement ("Agreement"), entered into by McFarland and Glytec.

> A party seeking a Preliminary Injunction . . . must establish that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. Winter[ v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)]. Each of these factors must be separately considered and "satisfied as articulated." The Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir.2009), vacated on other grounds, Citizens United v. FEC, 558 U.S. 310, 130 S. Ct. 876, 175 L.Ed.2d 753 (2010), aff'd, The Real Truth About Obama, Inc. v. FEC, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Cricket Store 17, LLC v. City of Columbia, 996 F. Supp. 2d 422, 427-28 (D.S.C. 2014).

The court held a hearing on the motion for preliminary injunction on November 12, 2020.  At the hearing, the Defendants agreed to entry of a preliminary injunction in part.  The court has considered the filings of the parties and the information ascertained at the hearing in this matter.  The court finds as follows:

1. Glytec has shown a likelihood of success on the merits of the claims on which a preliminary injunction is sought.

2. For the reasons set forth in the Motion and the declaration and exhibits submitted therewith, Glytec has shown a tangible, ongoing threat of irreparable injury, absent entry of a Preliminary Injunction, for which there would be no adequate remedy at law, including Defendants' continued misappropriation of Glytec's trade secrets and the destruction of Glytec's goodwill and competitive position in the marketplace.

3. The balance of equities weighs in favor of entry of a Preliminary Injunction, and such entry is also in the public interest.

**Therefore, it is ORDERED** that Defendants, including their officers, agents, servants, employees, and attorneys are enjoined as follows:

   a. McFarland is preliminarily enjoined from working for Monarch or engaging in any other employment, consulting, contractor, or other business relationship with Monarch for a period of six months from September 21, 2020, the date the temporary restraining order was entered.

   b. At the hearing on the preliminary injunction motion, the Defendants consented to being preliminarily enjoined from interfering with the business of Glytec by soliciting, attempting to solicit, inducing or otherwise causing any employee or consultant of Glytec to terminate any employment or consulting relationship with Glytec for any reason, including in order to become an employee, consultant or independent contractor to or for Monarch during the pendency of this action or  for a period of 12 months from

    September 21, 2020, the date the temporary restraining order was entered, whichever is earlier.

c. At the hearing on the preliminary injunction motion, the Defendants consented to being preliminarily enjoined from interfering with the business of Glytec by indirectly or directly soliciting the business of any customer or prospective customer of Glytec, as of June 23, 2020 or during the year immediately prior thereto, was listed on Glytec's customer or prospective customer list, except if the purpose for which a customer is solicited does not relate to the promotion, sale or licensing of computerized glycemic management systems competitive with Glytec's products during the pendency of this action or for a period of 12 months from September 21, 2020, the date the temporary restraining order was entered, whichever is earlier. This limitation does not apply to any existing customers of Monarch.

d. At the hearing on the preliminary injunction motion, the Defendants consented to being enjoined from possessing, transmitting, disclosing, using, or communicating in any matter whatsoever, either directly or indirectly, Glytec's trade secrets and other confidential business information including, without limitation, Glytec's confidential information regarding current and prospective customers and all related information and databases; pricing data and customer purchasing histories; customer and prospective customer contract terms including, without limitation, renewal dates; consumer data, market intelligence and strategies; vendor and supplier data; product formulations and development information including, without limitation, algorithms; proprietary development processes; and industry and product expertise.

e. At the hearing on the preliminary injunction motion, the Defendants consented to immediately return to Glytec, and immediately cease use of, Glytec's trade secrets and other confidential business information contained on or in any and all computers, similar equipment, files, systems, removable digital media such as USB storage devices, SD cards, CD/DVDs, hard drives, smartphones, or any similar device on which data may be stored, in their custody, possession or control, as well as any web or "cloud" based email, storage, CRM or backup service, including, without limitation, Google Drive, Dropbox, Box.com, Gmail, Yahoo, AOL, Microsoft Azure, AWS, Salesforce and/or Carbonite and any and all related hyperlinks.  Therefore, the court orders the immediate return of this information.

f. At the hearing on the preliminary injunction motion, the Defendants consented to immediately return to Glytec any and all physical files owned by or belonging to Glytec, or that contain Glytec's confidential and proprietary information including, without limitation, its trade secrets (which include, without limitation, current and prospective customers and all related information and databases; pricing data and customer purchasing histories;

customer and prospective customer contract terms including, without limitation, renewal dates; consumer data, market intelligence and strategies; vendor and supplier data; product formulations and development information including, without limitation, algorithms; proprietary development processes; and industry and product expertise).  Therefore, the court orders the immediate return of this information.

**IT SO ORDERED**.

                                                       s/ Henry M. Herlong, Jr.
                                                       Senior United States District Judge

Greenville, South Carolina
November 12, 2020